R. L. CALDWELL ADMR. *v.* DAVID CALDWELL'S HEIRS.

Administrators—County Court Settlement Prima Facie Right—Surcharge.

A settlement made by an administrator, with the County Court is prima facie right, but when the administrator seeks to subject land descended to the heirs and they surcharge the settlement, and show errors, this prima facie presumption is greatly weakened.

APPEAL FROM LIVINGSTON CIRCUIT COURT.

May 29, 1868.

OPINION OF THE COURT BY JUDGE WILLIAMS:

The main object of the suit brought by R. L. Caldwell was to subject the land which had descended from the decedent to his heirs to the payment of a balance found due him by a settlement of his accounts with the county judge, of $2,146.98. This the heirs resist, surcharging the settlement in many particulars, and alleging that he recovered funds not accounted for, and had the use of the land and a negro woman until his mother's death and should be charged for these. The court on final hearing dismissed his petition of which he complains. It is quite evident from the evidence that he had lived with his father for several years previous to the old man's death, and had conducted his business and had the control of his affairs, and the evidence also indicates that very soon after the old man's death it was agreed among the heirs that he should continue until the old lady's death in the same way, hence, as no accounts of particular daily transactions seems to have been kept between the old man and his son; none should now be allowed the administrator, for his individual outlay and work, previous to his father's death, or he should be made to account for the profits of the farm and warehouse, and show how he expended the various sums he collected for the old man in his life time. D. Caldwell, deceased, had a debt on Alvis for $2,418 due April 1, 1860, credited with $301.29 as of January 1, 1861, as shown by the appraisement bill.

Caldwell owed the Shelbys about the same amount, due at the same time, and for which they sued the administrator, and Alvis

paid his debt so as to pay the Shelbys, February 7, 1863, and also paid towards the cost of Shelby's executions $60 over and above his debt.

The amount of the Alvis debt due the estate, as reported by the administrator on the sale bill, with its interest to February 7, 1863, would be $2,503.71.    In his county court settlement he reported it at                                              $1,914.00

                                                    Error   $  589.71

In his voucher No. 9, he gets credit for the Shelby debts, as evidenced by the sheriff's receipt of February 7,. 1863, with interest thereon to date of settlement, September 13, 1864,       $2,161.53
The actual amount paid as evidenced by said receipt       1,974.00

Error against the estate of                                    187.53

As he then collected the Alvis debt he should be allowed no interest for advance payment on this sum.

He concedes collecting on the Cally debt due decedent for which he gave no account                                      $313.00
He reports on appraisement bills, debts on Yates and Sumnor for which he has not accounted                              $22.90.
He gave no account of the payment of Alvis on account of the costs of the Shelby debts, which Alvis says accrued because he did not pay his debt to decedent, which would have prevented the costs on the Shelby debts of                         $60.00

Alvis had also paid R. L. Caldwell fifty dollars on this debt due decedent which he had not credited on the note, and having reminded him and getting the credit, R. L. Caldwell made this the basis of his voucher No. 8 against his father's estate with interest thereon, as no credit was entered on the note, though the payment was made in his father's life-time, it may be fairly presumed he never paid it over, therefore it should be set down as error                                          $54.75
No. 15 is for money paid out on lease and in his father's life-time, and as he held his fathers money and did his collecting, it should be presumed to be paid with his father's means       $96.06
No. 16 is for work and labor done in the year 1861, without any dates, and for expenditures on warehouse, etc., and should be rejected for the foregoing reasons             $746.42

These errors aggregate the sum, without considering interest, as charged by the administrator of                    $2,070.37
And the interest wrongfully charged by him on the various vouchers down to date of settlement will over balance the defect of                                    $76.61

The sum he claims of                            $2,146.98
So that, without considering the rents and hire of the lands and slaves, we concur with the circuit court in dismissing his petition. What the arrangement was between himself and father does not appear. If he was to have the benefit of the farm and warehouse without accounting for any profits; it was clearly erroneous to allow him for labor and expenses as charged in voucher No. 16.

If he was to account for rents or profits then as the utmost latitude of evidence, in his favor, is that the same arrangement was continued after his father's death so long as his mother should live, he should be required to account for rents or profits as he was to do in his father's life-time, either the allowance of No. 16 was erroneous, or he should be charged for rents and hire. We think under all the circumstances developed, that No. 16 should be rejected and he not charged for rents or hire, and of this he certainly has no right to complain.

The county court settlement is to be presumed as prima facie right, but when the administrator seeks to subject land descended to the heirs and they surcharge the settlement and show so many errors, this prima facie presumption is greatly weakened if not destroyed, especially as these settlements are generally made ex parte by the administrator, and the county judge has only the advantages of his explanations, reports, and papers.

Wherefore, the judgment is affirmed.

*L. D. Husbands, for appellant.*

*Rodman & Green, for appellees.*